T.C. Memo. 1996-523

UNITED STATES TAX COURT

POLLY PAUL McMAHON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3040-96.                    Filed November 27, 1996.

Polly Paul McMahon, pro se.

<u>Jordan S. Musen</u> and <u>Amy A. Campbell</u>, for respondent.

MEMORANDUM OPINION

DAWSON, <u>Judge</u>:  This case was assigned to Chief Special

Trial Judge Peter J. Panuthos, pursuant to the provisions of

section 7443A(b)(4) and Rules 180, 181, and 183.[1]  The Court

_____

[1]  Section references are to the Internal Revenue Code as
amended.  Rule references are to the Tax Court Rules of Practice
and Procedure.

agrees with and adopts the opinion of the Chief Special Trial Judge, which is set forth below.

OPINION OF THE CHIEF SPECIAL TRIAL JUDGE

PANUTHOS, Chief Special Trial Judge:  This matter is before the Court on the parties' cross-motions to dismiss for lack of jurisdiction.  Respondent contends that this case should be dismissed on the ground that the petition was not filed within the 90-day period prescribed in section 6213(a), while petitioner contends that dismissal should be based on respondent's failure to issue a valid notice of deficiency as required under section 6212.  There being no dispute that we lack jurisdiction over the petition filed herein, we must resolve the parties' dispute respecting the proper ground for dismissal.

Background

On or about December 23, 1992, petitioner filed a joint Federal income tax return with her husband, Terry McMahon, for the taxable year 1990, listing her address as 2162 Ingleside Avenue, Macon, Georgia 31204 (the 2162 Ingleside Avenue address). Petitioner did not file tax returns for the taxable years 1991, 1992, or 1993.  In April 1996, petitioner filed joint Federal income tax returns with Terry McMahon for the taxable years 1994 and 1995, listing her address as 2128 S. Freya, Spokane, Washington.

During the period October 1994 through March 1995, Revenue Agent Charles Caraway conducted an examination concerning petitioner's tax liability for the taxable years 1991, 1992, and 1993.  By letter dated October 12, 1994, Revenue Agent Caraway invited petitioner to meet with him on October 24, 1994.  Petitioner did not appear for the meeting.  After attempting to contact petitioner by telephone, Revenue Agent Caraway received a letter from Terry McMahon, purportedly acting as petitioner's attorney-in-fact, requesting that Revenue Agent Caraway not communicate with petitioner until after November 15, 1994.  That letter had the 2162 Ingleside address as the return address.  Revenue Agent Caraway made another attempt to arrange a meeting with petitioner but apparently received no response.  In March 1995, Revenue Agent Caraway prepared substitute returns computing petitioner's tax liability for the years 1991, 1992, and 1993, closed his file, and forwarded the matter to respondent's District Director's office in Atlanta, Georgia.

During the period May through November 1995, Revenue Agent Randie Bodner, then assigned to respondent's collection division in Macon, Georgia, was responsible for collecting taxes from petitioner and Terry McMahon for the years 1992 through 1995.  On June 29, 1995, Revenue Agent Bodner made a field visit to the 2162 Ingleside Avenue address and was advised by a receptionist at that address that the McMahons had moved to a new address on

Ingleside Avenue. Revenue Agent Bodner proceeded to 2411 Ingleside Avenue where she found Terry McMahon loading a moving truck. Terry McMahon advised Revenue Agent Bodner that, although the McMahons were using 2411 Ingleside Avenue as an office, they were in the process of moving and were trying to find an acceptable space in a nearby apartment complex. Due to uncertainty as to where they would be moving, Terry McMahon was unable to provide Revenue Agent Bodner with a new address but advised that he would provide her with a forwarding address soon. Revenue Agent Bodner took a partial financial statement from Terry McMahon which includes a notation that the McMahons sold the property located at 2162 Ingleside Avenue. Revenue Agent Bodner made an appointment for Terry McMahon to visit her office on July 12, 1995. On July 11, 1995, Terry McMahon advised Revenue Agent Bodner that he would not be able to attend their meeting because he would be out of town. Revenue Agent Bodner did not hear from Terry McMahon again until she located him in Spokane, Washington, on March 8, 1996. Revenue Agent Bodner had no contact with Revenue Agent Caraway during the period in question.

Due to uncertainties as to where the McMahons would be moving, Terry McMahon arranged to have mail addressed to 2411 Ingleside Avenue forwarded to a private mail box that he opened with Mail Boxes, Etc., in Macon, Georgia. Terry McMahon planned

to contact Mail Boxes, Etc., periodically for the purpose of having such mail forwarded to him at his new location. Mail Boxes, Etc., moved its facilities from 4524 Forsyth Rd., Suite 201, in Macon, Georgia, to 5962 Zebulon Rd., #201, in the same city.

On November 15, 1995, respondent mailed a notice of deficiency to petitioner by certified mail determining deficiencies in and additions to petitioner's Federal income taxes for the years and in the amounts as follows:

|  |  | Additions to Tax | |
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6654 |
| 1991 | $59,408 | $14,668 | $3,387 |
| 1992 | 82,876 | 20,684 | 3,613 |
| 1993 | 24,969 | 6,217 | 1,041 |

The notice of deficiency was mailed to petitioner at the 2162 Ingleside Avenue address. On November 16, 1995, the notice of deficiency was forwarded to 2411 Ingleside Avenue. On November 17, 1995, the notice of deficiency was forwarded to Mail Boxes, Etc., 4524 Forsyth Rd., Suite 201, Macon, Georgia. On November 22, 1995, the notice of deficiency was forwarded to Mail Boxes, Etc., 5962 Zebulon Rd., #201, Macon, Georgia. On November 24, 1995, Christie Shackleford, an employee of Mail Boxes, Etc., accepted delivery of the envelope bearing the notice of deficiency.

The envelope bearing the notice of deficiency was eventually forwarded to petitioner in Spokane, Washington. The record does

not reflect the date that petitioner personally received the notice of deficiency.

Petitioner filed a petition for redetermination with the Court on February 20, 1996. The petition arrived at the Court in an envelope bearing a U.S. postmark dated February 14, 1996. At the time the petition was filed, petitioner resided in Spokane, Washington.

As indicated, respondent filed a Motion to Dismiss For Lack of Jurisdiction alleging that petitioner failed to file her petition within the 90-day period prescribed in section 6213(a). Petitioner filed an objection to respondent's motion to dismiss alleging that the deficiency notice was not mailed to her correct last known address, which she identifies as the 2411 Ingleside Avenue address. Respondent filed a response to petitioner's objection countering that the deficiency notice was mailed to petitioner's last known address. Petitioner filed a Motion to Dismiss for Lack of Jurisdiction on the ground that the notice of deficiency is invalid.

A hearing was conducted in this case in Washington, D.C. Counsel for respondent appeared at the hearing and presented argument in support of respondent's motion to dismiss. Although petitioner did not appear at the hearing, her position is clearly articulated in her motion to dismiss, her objection to

respondent's motion to dismiss, as well as other papers filed herein.

Discussion

This Court's jurisdiction to redetermine a deficiency depends upon the issuance of a valid notice of deficiency and a timely filed petition.  Rule 13(a), (c); Monge v. Commissioner, 93 T.C. 22, 27 (1989); Normac, Inc. v. Commissioner, 90 T.C. 142, 147 (1988).  Section 6212(a) expressly authorizes the Commissioner, after determining a deficiency, to send a notice of deficiency to the taxpayer by certified or registered mail.  It is sufficient for jurisdictional purposes if the Commissioner mails the notice of deficiency to the taxpayer's "last known address".  Sec. 6212(b); Frieling v. Commissioner, 81 T.C. 42, 52 (1983).  If a notice of deficiency is mailed to the taxpayer at the taxpayer's last known address, actual receipt of the notice is immaterial.  King v. Commissioner, 857 F.2d 676, 679 (9th Cir. 1988), affg. 88 T.C. 1042 (1987); Yusko v. Commissioner, 89 T.C. 806, 810 (1987); Frieling v. Commissioner, supra at 52.  The taxpayer, in turn, has 90 days from the date the notice of deficiency is mailed to file a petition in this Court for a redetermination of the deficiency.  Sec. 6213(a).

Respondent mailed the notice of deficiency to petitioner on November 15, 1995.  The envelope bearing the petition was postmarked February 14, 1996, and the petition was filed by the

Court on February 20, 1996. The 90-day period prescribed in section 6213(a) for filing a timely petition in this case expired on Tuesday, February 13, 1996, which date was not a holiday in the District of Columbia. Given that the petition was neither mailed nor filed prior to the expiration of the 90-day statutory period for filing a timely petition, it follows that we lack jurisdiction over the petition. Secs. 6213(a), 7502; Rule 13(a), (c); see Normac, Inc. v. Commissioner, supra.

The question presented is whether dismissal of this case should be premised on petitioner's failure to file a timely petition under section 6213(a), or on respondent's failure to issue a valid notice of deficiency under section 6212. Keeton v. Commissioner, 74 T.C. 377, 379 (1980).

Petitioner contends that the notice is invalid because it was not mailed to her last known address. Although the phrase "last known address" is not defined in the Internal Revenue Code or in the regulations, we have held that a taxpayer's last known address is the address shown on the taxpayer's most recently filed return, absent clear and concise notice of a change of address. Abeles v. Commissioner, 91 T.C. 1019, 1035 (1988); see King v. Commissioner, supra at 681. In this regard, petitioner contends that Terry McMahon's conversation with Revenue Agent Bodner on June 29, 1995, provided respondent with clear and

concise notice of petitioner's change of address to 2411 Ingleside Avenue.

Considering all the facts and circumstances, we need not resolve whether respondent was provided with clear and concise notice of petitioner's change of address. As explained in greater detail below, we conclude that, even assuming arguendo that the 2411 Ingleside Avenue address constituted petitioner's last known address, the notice of deficiency was delivered to that address without prejudicial delay.

It is well settled that, although a deficiency notice properly mailed to a taxpayer's last known address provides the Commissioner with a "safe harbor" under section 6212(b), an improperly addressed notice is nonetheless valid if the taxpayer receives actual notice of the Commissioner's deficiency determination in a timely fashion i.e., without prejudicial delay. See Mulvania v. Commissioner, 81 T.C. 65, 67-68 (1983) (erroneously addressed notice is valid under section 6212(a) where the taxpayer received the notice 16 days after it was mailed). Consistent with the foregoing, the Court of Appeals for the Ninth Circuit, the court to which this case is appealable, observed:

> Reading the interrelated sections of the Code as an integrated whole, it is apparent that the legislative plan contemplates that actual notice of the deficiency should be given where such can reasonably be achieved and that the mailing authorized by section 6212(a) is a means to that end. * * * A mailing that

effectively results in actual notice is what is apparently contemplated by the legislative plan.

Clodfelter v. Commissioner, 527 F.2d 754, 756 (9th Cir. 1975), affg. 57 T.C. 102 (1971).

As previously discussed, respondent mailed the notice of deficiency to petitioner at 2162 Ingleside Avenue on November 15, 1995.  The notice was forwarded to the 2411 Ingleside Avenue address one day later.  However, consistent with Terry McMahon's directions, all mail addressed to 2411 Ingleside Avenue, including the notice of deficiency, was forwarded to Mail Boxes, Etc.  Delivery of the envelope bearing the notice was accepted by an employee of Mail Boxes, Etc., on November 24, 1995.  The notice of deficiency was later forwarded by Mail Boxes, Etc., to petitioner in Spokane, Washington.

Notwithstanding the circuitous route by which the notice of deficiency arrived at Mail Boxes, Etc., it is evident that the mailing of the notice of deficiency to 2162 Ingleside Avenue did not materially affect the delivery of the notice to petitioner. The notice was forwarded to and arrived without apparent delay at 2411 Ingleside Avenue, the address which petitioner has identified as her last known address.  See Yusko v. Commissioner, supra at 810; see also Needham v. Commissioner, T.C. Memo. 1993-440.  The notice was destined to be forwarded again to Mail Boxes, Etc., even if it had been addressed to petitioner at 2411 Ingleside Avenue.  The notice of deficiency was actually received

at Mail Boxes, Etc., on November 24, 1995--only 9 days after the notice was mailed.

Although the record does not reveal the exact date that Mail Boxes, Etc., forwarded the notice of deficiency to petitioner, such factor would not affect the result in this case.  Petitioner does not dispute that Mail Boxes, Etc., was authorized to accept delivery of the deficiency notice on her behalf.  If Mail Boxes, Etc., delayed sending the notice of deficiency to petitioner, any prejudice is attributable to the inaction of her agent.  As we see it, such inaction, like that of a taxpayer who refuses to accept delivery of a notice of deficiency, would not render the notice invalid.  See, e.g., Erhard v. Commissioner, 87 F.3d 273 (9th Cir. 1996), affg. T.C. Memo. 1994-344; Patmon & Young Professional Corp. v. Commissioner, 55 F.3d 216 (6th Cir. 1995), affg. T.C. Memo. 1993-143.

In sum, even assuming arguendo that petitioner's last known address was 2411 Ingleside Avenue as she contends, we conclude that the notice of deficiency was delivered to that address without prejudicial delay.  Consequently, we will grant respondent's Motion to Dismiss for Lack of Jurisdiction and we will deny petitioner's Motion to Dismiss for Lack of Jurisdiction.[2]

---

[2]  Although petitioner cannot pursue her case in this Court, she is not without a remedy.  In short, petitioner may pay the tax, file a claim for refund with the Internal Revenue Service,

To reflect the foregoing,

> <u>An order will be entered granting respondent's Motion to Dismiss for Lack of Jurisdiction and denying petitioner's Motion to Dismiss for Lack of Jurisdiction</u>.

---

and, if the claim is denied, sue for a refund in the Federal District Court or the U.S. Court of Federal Claims.  See <u>McCormick v. Commissioner</u>, 55 T.C. 138, 142 (1970).